November 18, 2019

United States Bankruptcy Court
824 N. Market Street, 3rd Floor
Wilmington, DE 19801
~~Attn: Clerk of Bankruptcy Court~~

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705 (Courier 19801)
Attn:   Andrew W. Caine
        Bradford J. Sandler
        Colin R. Robinson

FILED
2019 NOV 22 AM 8:
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE
CLERK

To whom it may concern:

My name is Donald L Engle Jr. and I am responding (Answering to the Complaint) to the
Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors
dated August 22, 2018 and the **Complaint for Avoidance and Recovery of
Preferential and Fraudulent Transfers** dated October 18, 2019 that has been filed
against me. **(Please Attachment A).**

1.  Upon entering into an agreement with Woodbridge, I received correspondence
    from my IRA Custodian Provident Trust Group dated November 22, 2016 which
    included a copy of the signed Promissory Note dated October 24, 2016 from
    Woodbridge Mortgage Investment Fund 2, LLC.:
    a.  I Invested in Woodbridge as an investment option offered by my
        Investment Advisor Jeff Wendel.
    b.  I received signed Promissory Note from Woodbridge Mortgage Investment
        Fund 2, LLC dated October 24, 2016. Items within it included:
        i.   Property: Franklin – Mezzanine.
        ii.  Principle Amount: $200,000.00.
        iii. 6.00% annum interest through June 1, 2018.
        iv.  Monthly payments of interest shall be made commencing on
             November 1, 2016.
        v.   The entire principle balance plus accrued and unpaid interest
             therein, and all other charges due to lender hereunder, unless
             sooner paid, shall be due and payable on June 1, 2018 (the
             Maturity Date).
        vi.  The Borrower shall have the right to prepay this Note in whole or in
             part at any time without penalty.

2.  Loan Interest and Principle repayment received in my IRA account at Provident
    Trust Group, **documented with the actual check dates and clear dates as
    indicated in Exhibits A and B of the complaint against me (Included within
    Attachment A):**

| | Check Date | Clear Date | Ck. No. | Amount | Type Payment |
|---|---|---|---|---|---|
| a. | 11/07/16 | 11/15/16 | 33631 | $133.33 | (Loan Interest) |
| b. | 11/15/16 | 11/30/16 | 34011 | $1000.00 | (Loan Interest) |
| c. | 12/13/16 | 12/30/16 | 34495 | $1000.00 | (Loan Interest) |
| d. | 01/17/17 | 02/01/17 | 36260 | $1000.00 | (Loan Interest) |
| e. | 02/14/17 | 03/02/17 | 36688 | $1000.00 | (Loan Interest) |
| f. | 03/21/17 | 04/04/17 | 37096 | $1000.00 | (Loan Interest) |
| g. | 04/18/17 | 05/02/17 | 37491 | $1000.00 | (Loan Interest) |
| h. | 05/16/17 | 06/02/17 | 37675 | $1000.00 | (Loan Interest) |
| i. | 06/20/17 | 06/30/17 | 38226 | $1000.00 | (Loan Interest) |
| j. | 07/18/17 | 08/02/17 | 38533 | $1000.00 | (Loan Interest) |
| k. | ▓▓▓▓ | 09/05/17 | 38866 | $1000.00 | (Loan Interest) |
| l. | ▓▓▓▓ | 09/12/17 | 38908 | $3,364.38 | (Loan Interest) |
| m. | ▓▓▓▓ | 10/12/17 | 38884 | $200,000.00 | (Loan Repayment) |

**Total Received:**                                      **213,497.71**

3. I received "Cancellation of Promissory Note and Loan Agreement" **dated September 1, 2017**. I was initially disappointed they were cancelling the note early as it was going to cost me $1,000 per month interest, plus a bonus of 2% additional interest at the end of the Promissory Note term.

    a. **I did not instigate nor was I aware of Woodbridge cancelling the Promissory Note and Loan Agreement early**, until I received an email on August 31, 2017 from my Financial Advisor Jeff Wendel, with a copy of the Cancellation of Promissory Note and Loan Agreement dated **September 1, 2017**, with instructions for my signing and sending back. **(Please Attachment B).**

    b. I was not aware of Woodbridge impending filing for Bankruptcy until I received an email from my Financial Advisor's Assistant Tricia Homan on December 11, 2017, which included a copy of a letter, dated December 7, 2017 of the Woodbridge Bankruptcy which had been initiated on December 4, 2017. **(Please see Attachment C).**

    c. **I have not had any communication with Woodbridge** other than the signing of the Promissory Note and Loan Agreement; and the signing of the Cancellation of the Promissory Note and Loan Agreement.

    d. I was actually planning on entering into a new loan agreement with Woodbridge following the maturity of the Promissory Note and Loan Agreement I had, as they were complying with the agreement. I had no idea they were operating a Ponzi Scheme.

4. In total, received my original $200,000.00 principle balance back as well as $13,497.71 in interest for a total of $213,497.71. **(Please see item 2 above for check dates, clear dates, and amounts received).**

5. As noted in item 3b above, Woodbridge filed for Chapter 11 Bankruptcy on December 4, 2017. Although I received and continue to receive correspondence regarding the Woodbridge Bankruptcy, I have simply ignored the correspondence since my loan had been paid off. I felt fortunate my account had closed prior to the evidence of a Ponzi Scheme and subsequent Bankruptcy. **As such, I did not file a claim in the Woodbridge Bankruptcy Case and am not entitled to any payout in the Bankruptcy Settlement.**

6. Now, in looking more closely at the Woodbridge Bankruptcy documents I have received:

    a. Woodbridge filed for Chapter 11 Bankruptcy on December 4, 2017.
        i. The cancellation of my Promissory Note and Loan Agreement was dated September 1, 2017 **(95 days prior to Woodbridge filing for Chapter 11 Bankruptcy).**
        ii. The interest and principal loan payments being questioned, as **documented with the actual check dates and clear dates indicated in Exhibits A and B of the complaint against me** are as follows:

| Check Date | Clear Date | Ck. No. | Amount | Type Payment |
|---|---|---|---|---|
| ▓▓▓▓ | 09/05/17 | 38866 | $1000.00 | (Loan Interest) |
| ▓▓▓▓ | 09/12/17 | 38908 | $3,364.38 | (Loan Interest) |
| ▓▓▓▓ | 10/12/17 | 38884 | $200,000.00 | (Loan Repayment) |

        iii. The difference between the December 4, 2017 filing for Bankruptcy date and the September 1, 2017 Cancellation of Promissory Note and Loan Agreement is **95 calendar days**.
            1. The Complaint against me is based on preferential and/or fraudulent transfers that occurred **within 90 days** of Woodbridge filing for Chapter 11 Bankruptcy.
            2. Since Woodbridge cancelled my Promissory Note and Loan Agreement as of September 1, 2017, **it is my opinion that September 1, 2017 should be the date used in determining the 90-day period in question;** not the time it took for the funds to ultimately be mailed, deposited and cleared into my Provident Trust Group IRA account.
            3. Additionally, since the **check written dates** were 08/22/17 **(105 days),** 08/30/17 **(97 days),** and 09/05/17 **(91 days), it is my opinion that none of these distributions should be considered Preferential and Fraudulent Transfers that are the basis of this complaint.**

a. When I write a check (Common Practice), would lead me to believe that when a person or entity sits down and purposely writes a check, this represents the date of intention. The time it takes for the mailing, delivery, processing and the funds to actually transfer and clear my IRA Custodian **should not be used** in determining the 90-day window.

b. Also please note that the check number of the $200,000.00 loan repayment was 38884 while the check number of the $3364.38 loan interest was 38908 (later check number), even though the loan interest check cleared my Provident Trust Group IRA Custodian Account prior to the loan repayment. This additional time may have been related to the size of the loan repayment.

7. Although I now understand how it appears that I may have been in avoidance regarding previous correspondence I had received, it was because I did not believe the Woodbridge Chapter 11 Bankruptcy affected me; since the Promissory Note and Loan Agreement was cancelled by Woodbridge on September 1, 2017; and I had been paid the interest due and the loan principle repaid. As such, I had only skimmed over the correspondence and simply filed away. **Had I known of this situation occurring, I would have filed a Claim for payment in the Bankruptcy Case Settlement.**

8. I did receive several correspondence letters on Pachulski Stang Ziehl & Jones letterhead from an Andrew W. Caine, **that at the time, I believed were a Scam. (Please see Attachment D).**

a. Through my dealings with the **1st Global Capital Bankruptcy,** (of which I am a victim and have filed a Claim; and now appear to be losing approximately $250,000 of my IRA investment), I have received many unsolicited letters wanting me to settle my claim for pennies on the dollar. Additionally, on the **Instructions for Proof of Claim for the Woodbridge Bankruptcy,** which I had only skimmed over, it warned that **"Certain entities purchase claims for an amount that is less than the face value",** and **"Some written communications from these entities may easily be confused with official court documentation or communications from the debtor".**

b. A paragraph near the end of the correspondence letters from Andrew W. Caine, **further made me suspect this was a Scam.** This paragraph reads: "If you share this interest in informal discussions, please contact me within the next fourteen (14) days. This **confidential letter** is provided for settlement purposes only; **any statements herein are inadmissible**

pursuant to Federal Rules of Evidence 408 and Federal Rules of Bankruptcy Procedure 9017. **Nothing herein should be construed as an admission of fact or law by the Trustee, the Debtors or their representatives".** The highlighted items noted contributed to my believing this was a Scam. I questioned were these letters indeed legitimate correspondence from Pachulski Stang Ziehl & Jones; or simply a Scam on their letterhead? Could the firm or this Andrew W. Caine be embezzling funds received by these letters? As such, I ignored them.

In conclusion, as I in no way had any prior knowledge of Woodbridge cancelling the Promissory Note and Loan Agreement early, nor knowledge they were operating as an alleged Ponzi scheme and ultimately filing for Bankruptcy; **and since the Promissory Note and Loan Agreement was cancelled effective September 1, 2017, 95 days prior to the filing for Bankruptcy on December 4, 2017; and the three transactions in question all had check written dates of 91 days or greater prior to the filling of the Bankruptcy,** I ask the Court to Dismiss this Complaint for Avoidance and Recovery of Preferential and Fraudulent Transfers Lawsuit against me.


Respectfully,


Donald L Engle Jr.
859 Bolton Abbey Lane
Vandalia, Ohio 45377
dlengle2@outlook.com
937-671-2984

# THIS PAGE INTENTIONALLY LEFT BLANK